IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CEDELL HENDERSON,

    Petitioner,
v.                                                                CASE NO. 5:15-cv-92-WS-GRJ

SECRETARY, FLA. DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  This case is now before the Court on Respondent's motion to dismiss the petition as time-barred.  ECF No. 14.  Petitioner has filed a response in opposition to the motion.  ECF No. 16.  For the following reasons, the undersigned recommends that the motion to dismiss be granted and the Petition be dismissed.

## One-Year Limitation Period

Petitions filed after April 24, 1996, are governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA created a limitations period for petitions for writ of habeas corpus brought

pursuant to § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the AEDPA tolls the 1-year limitation period for the time during which a properly filed application for State postconviction or other collateral review is pending, and may be equitably tolled in appropriate "extraordinary circumstances." § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## **State-Court Procedural History**

The procedural background of this case is established by the state court records appended to Respondent's motion.  Except for one point, discussed in more detail below, Petitioner does not dispute the

*Page 3 of 7*

Respondent's summary of the procedural history of this case.

Petitioner was convicted by a jury of lewd and lascivious molestation of a child and sentenced to life imprisonment on December 14, 2010. ECF No. 14-1, Exh. E, F. The First DCA affirmed *per curiam* without opinion on November 21, 2011. *Id*. Exh. K (ECF No. 14-1 at 268); *Henderson v. State*, 75 So. 3d 272 (Fla. 1st DCA 2011). Petitioner's conviction became final for purposes of beginning the federal one-year limitations period 90 days later when the time for filing a petition for a writ of certiorari to the U.S. Supreme Court expired, or on February 20, 2012.[1] *Nix v. Sec'y for the Dep't of Corrections*, 393 F.3d 1235, 1237 (11th Cir. 2004). "[T]he entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review . . . ." *Chavers v. Sec'y, Fla. Dep't of Corrections*, 468 F.3d 1273, 1275 (11th Cir. 2006).

After February 20, 2012, the federal limitations period ran for 20 days until March 12, 2012, when Petitioner filed a motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a). ECF No. 14-1 Exh. L. Petitioner filed an amended Rule 3.800(a) motion on May 15, 2012. Both of these motions were summarily denied on May 24, 2012, and rehearing

---

[1] The 90th day fell on Sunday, February 19, 2012.

was denied. *Id*. Exh. N, O. The First DCA affirmed *per curiam* without opinion; the mandate issued on May 29, 2013. *Id*. Exh. S; *Henderson v. State*, 112 So.3d 492 (Fla. 1st DCA 2013).

After May 29, 2013, the federal limitations period ran for 173 days until Petitioner filed a motion pursuant to Fla. R. Crim. P. 3.850 on November 19, 2013. ECF No. 14-1 Exh. W. Petitioner filed an amended motion on January 17, 2014. *Id*. Exh. Y. On March 13, 2014, the state court summarily denied relief. ECF Exh. 14-2 Exh. Z. The First DCA affirmed *per curiam* without opinion; the mandate issued on October 29, 2014. ECF Exh. 14-3 Exh. DD.

As of October 29, 2014, a total of 193 days of the federal filing period had elapsed. Petitioner had 173 days remaining.[2] Thus, Petitioner had until April 20, 2015, to file a timely federal habeas corpus petition. The Petition, ECF No. 1, was provided to prison official for mailing on April 24, 2015, four days beyond the expiration of the limitations period. ECF No. 1.

## Discussion

In opposition to the Respondent's motion to dismiss, Petitioner

---

[2] As Respondent points out, Petitioner's filing period is 366 days because it is calculated using the anniversary date of the triggering event. Petitioner's conviction became final in February 2012, and 2012 was a leap year. *See Ferreira v. Sec'y, Dept. Of Corr.*, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007); *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003).

argues that the Respondent has miscalculated the date that Petitioner's conviction became final. ECF No. 16 at 3-4. Petitioner contends that after the First DCA entered its judgment affirming his conviction and sentence on November 21, 2011, he is entitled to an additional 15-day period within which to file a motion for rehearing pursuant to Fla. R. App. P. 9.330. Petitioner argues that it is only after the expiration of this additional 15-day period that the 90-day period for seeking certiorari review in the U.S. Supreme Court begins to run. Petitioner contends that by including the additional 15 days, his petition is timely. ECF No. 16 at 6.

Petitioner's argument is squarely foreclosed by Circuit precedent. As the Eleventh Circuit has explained, the United States Supreme Court rules govern the time for application for writ of certiorari to review a state court judgment in a criminal case. "[T]he entry of judgment . . . is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A)." *Chavers,* 468 F.3d at 1275. Rule 13.3 leaves "no doubt" "about when the 90-day period begins to run." *Id.* Rule 13.3 specifically provides that the running of the time is only altered upon the filing of a timely petition for rehearing or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing. Sup. Ct. R. 13.3. Absent

these circumstances, the date of entry of judgment controls the running of the time for seeking certiorari review, and in this case the relevant date is November 21, 2011. *See Chavers,* 468 F.3d at 1275; ECF No. 14-1 at 268. Calculating the finality of Petitioner's conviction from this date of judgment plus 90 days, with additional tolling as summarized above (the accuracy of which Petitioner does not dispute), the Petition is untimely.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus, ECF No. 14, should be **GRANTED** and the petition for writ of habeas corpus, ECF No. 1, should be **DISMISSED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 15th day of July 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.